UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David Wayne Barron,
    Plaintiff,

    v.                                                                Civil Action No. 1:09-CV-209

Andrew Pallito, Prison Health Services,
Mental Health Management, Inc.,
Theresa Stone, Carol Callea, Esq.,
Dr. Dolores Burroughs-Biron, Dr. Ballard,
Dr. Weischedel, Randy Porter,
Jody Berrier, COII Isenor, Kevin Jenkins,
Mark Hatcher,
    Defendants.

## REPORT AND RECOMMENDATION
(Docs. 33 and 38)

Plaintiff David Barron, a Vermont inmate proceeding *pro se*, brings this action alleging that he has not been provided adequate medical and mental health treatment while in prison. Barron also contends that his conditions of confinement are unlawful, and that he has been denied access to legal and religious materials. His final claim is that he has been subjected to retaliation and purposeful discrimination due to his alleged disabilities.

In response to Barron's 55-page complaint, various defendants filed motions to dismiss (Docs. 11, 16, 27 and 29) arguing that Barron had violated Rule 8's requirement of a "short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2). These motions were granted, and Barron has been allowed until May 17, 2010 to file an amended

complaint that complies with the Federal Rules of Civil Procedure. (Doc. 32.) To date, the amended complaint has not yet been filed.

Defendant Dr. Weischedel was not among this original group of movants. Now before the Court is Dr. Weischedel's motion to dismiss, setting forth the same grounds for dismissal and incorporating the previously-filed motions by reference. (Doc. 38). Also before the court is a motion to dismiss brought by defendant Mark Hatcher (Doc. 33), though Hatcher has since been dismissed from the case at Barron's request.

For the reasons set forth below, I recommend that Dr. Weischedel's motion to dismiss be GRANTED, and that Barron again be given an opportunity to amend his complaint so that it complies with the Federal Rules. Furthermore, defendant Mark Hatcher's motion to dismiss should be DENIED as moot.

**Factual Background**

Barron claims that he suffers from a wide range of medical and mental health issues. His medical ailments include a sunlight allergy, poor vision, poor hearing, chronic back and knee pain, and migraines. (Doc. 6 at 4-6.) His complaint asserts generally that treatment for his medical problems has been lacking over the last two years. *Id.* at 12. During that time, Barron has been in the custody of the Vermont Department of Corrections ("DOC").

The allegations begin in March 2008, when Barron was denied a transfer from Northwest State Correctional Facility to the medical unit of Southern State Correctional Facility. Barron contends that the transfer was recommended by "Mental Health Management and [defendant Prisoner Health Services]," but "ignored" by DOC staff.

2

(Doc. 6 at 12.) Also in March 2008, Barron alleges to have been suffering from abdominal pain that made it difficult for him to eat or sleep. An appointment was scheduled with a surgeon to determine why he was passing blood in his stools, but the appointment was later cancelled without Barron's knowledge. Barron was seen for abdominal pain in August and December 2008, but Prison Health Services ("PHS") staff and defendants Drs. Weischedel and Burroughs-Biron allegedly failed to provide effective treatment.

In June 2008, Barron was seen by a physical therapist for back pain. Although the therapist allegedly confirmed that Barron's back was in "bad shape," an unidentified physician allowed only two physical therapy sessions. Barron claims that his back pain can be "excruciating," and that he sometimes misses meals because of the pain. *Id.* at 13.

In September 2008, Barron filed an emergency grievance seeking medical attention for knee pain. Drs. Weischedel and Burroughs-Biron allegedly knew about the knee issue for several months, but failed to order a knee brace. Barron claims that his knee would sometimes "give-out," and that the occasional loss of stability would cause him to fall. *Id.* at 14. A knee brace was ultimately ordered in April 2009.

In the months leading up to May 2009, Barron had also been submitting sick call slips requesting hearing aids. In August 2009, Dr. Weischedel reportedly told him that hearing aids were unnecessary. Nonetheless, Barron submits that "[t]he Mental Health Doctor said my best interests would be to have my hearing aids." *Id.* at 16.

Barron further claims that he suffers from a sun allergy that affects his skin and eyes. PHS staff and Drs. Weischedel and Burroughs-Biron have allegedly refused to

3

recognize the allergy, and according to the complaint, plan "to torture [Barron] by sending [him] to a Dermatologist to subject [him] to painful Ultra Violet Radiation to induce an allergic reaction." *Id.* at 17. In the complaint's conclusion, Barron alleges that his medical treatment, or lack thereof, has violated his rights under the Eighth and Fourteenth Amendments, as well as 26 V.S.A. § 1354, which bars "unprofessional conduct" in the medical profession. *Id.* at 18-23.

The complaint seeks both compensatory and punitive damages from Dr. Weischedel. *Id.* at 47-49. By incorporation of the previously-filed motions, Dr. Weischedel argues that Barron's complaint is too long and includes "extraneous allegations," thereby forcing the defendants to sort "though the complaint's myriad factual allegations and supporting documents in an attempt to divine the claims asserted against them . . . ." (Doc. 27 at 3-4). The motion to dismiss is unopposed.

## Discussion

As with the previously-filed motions to dismiss, Dr. Weischedel's arguments are based upon Rule 8(a)(2), which requires that a complaint contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) provides that "[e]ach allegation [of a pleading] must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Second Circuit has observed that:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it

4

because they are forced to select the relevant material from a mass of verbiage."

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1281, at 365 (1969)) (additional internal brackets and citations omitted).

When a complaint fails to comply with these requirements, the district court has the power to dismiss it. *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995) (citing *Salahuddin*, 861 F.2d at 42). Dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42. The Second Circuit has instructed that if the district court dismisses the complaint for failure to comply with Rule 8, it generally should afford the plaintiff leave to amend. *Id.*

This Court previously concluded that Barron's complaint does not satisfy the requirements set forth in the Federal Rules. The complaint is 55 pages in length, plus five pages of amendments. It lists a host of physical and mental impairments, only some of which are relevant to Barron's legal claims. As discussed in the previous Report and Recommendation, Barron's many irrelevant allegations include "his history of alcohol poisoning, his allergies to eggs and vanilla extract, and the fact that his poor vision has been treated. Even when describing arguably relevant impairments, his allegations are unnecessarily detailed, at times reaching back to childhood events and traumas during the 1970s." (Doc. 32 at 8) (citation omitted). Efforts at a proper response are also hindered by the fact that the paragraphs are not numbered as required by Rule 10. *See* Fed. R. Civ.

5

P. 10 ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a statement of a single set of circumstances.").

In *Salahuddin*, the Second Circuit found that the district court had acted within its discretion in dismissing a complaint that spanned "15 single-spaced pages and contain[ed] explicit descriptions of 20-odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's right; it contains a surfeit of detail." 861 F.2d at 43. The complaint in this case is even longer than the one presented in *Salahuddin*, provides explicit descriptions of each of the 13 defendants and their official positions, and includes "a surfeit of detail" and numerous irrelevant facts. Dr. Weischedel should not be required to weed out "the relevant material from a mass of verbiage" in responding to such "prolixity." *Id.* at 42 (citation omitted). Consequently, and for the reasons set forth in the Court's prior Report and Recommendation, dismissal with leave to amend is warranted.

## **Conclusion**

For the reasons set forth above, I recommend that Dr. Weischedel's motion to dismiss (Doc. 38) be GRANTED, and that if the Court adopts this Report and Recommendation, Barron be given 20 days in which to amend his claims against Dr. Weischedel so that they comply with the requirements of the Federal Rules of Civil Procedure. Amended claims against Dr. Weischedel may, of course, be included in the amended complaint that is due on May 17, 2010, in which case, no further amendments should be required.

I further recommend that the motion to dismiss filed by defendant Mark Hatcher (Doc. 33) be DENIED as moot, as Hatcher has been dismissed from the case and terminated as a party at Barron's request.

Dated at Burlington, in the District of Vermont, this 4th day of May, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), 6(a) and 6(d).