UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David Wayne Barron,

       Plaintiff,

       v.                                  Civil Action No. 1:09-CV-209

Andrew Pallito, Prison Health Services,
Inc., Mental Health Management, Inc.,
Theresa Stone, Carol Callea, Esq.,
Dr. Dolores Burroughs-Biron, Dr. Ballard,
Dr. Garry Weischedel, Randy Porter,
Jodi Barriere, COII Isenor, Kevin Jenkins,
Mark Hatcher,

       Defendants.

## REPORT AND RECOMMENDATION
(Docs. 73, 74 and 75)

       Plaintiff David Barron, a Vermont inmate proceeding *pro se*, alleges that he has

received inadequate medical and mental health treatment while in prison.  Barron also

claims that Defendants have violated his rights under the Americans with Disabilities Act

("ADA"), have refused to provide him funds for religious materials, and have subjected

him to physical and psychological abuse.

       Now before the Court is Barron's motion for final judgment and for substantive

injunctive relief.  (Doc. 73.)  Barron has also moved the Court for an emergency

injunction that would bar the Vermont Department of Corrections ("DOC") from

transferring him to a different prison facility prior to the conclusion of this litigation.

(Doc. 74.)  The third motion before the Court is a motion to dismiss filed by Defendants Dr. Ballard and Mental Health Management, Inc.  (Doc. 75.)

For the reasons set forth below, I recommend that Barron's motions be DENIED, that the Court GRANT the motion to dismiss, and that Barron be given leave to amend his claims against Dr. Ballard and Mental Health Management, Inc.

## **Factual Background**

In his Second Amended Complaint, Barron alleges that he suffers from a variety of medical conditions, including chronic back and knee pain, hearing loss, and an allergy to the sun.  Barron claims that his treatment for these conditions has been inadequate, and that Defendants have been deliberately indifferent to his medical needs.

Specifically, Count One of the Second Amended Complaint contends that Defendants Prison Health Services, Inc., Dr. Dolores Burroughs-Biron and Dr. Garry Weischedel have "refused and failed" to provide adequate medical care.  With respect to the hearing loss claim, Barron contends that Drs. Burroughs-Biron and Weischedel "spent thousands of the state's dollars to prove Plaintiff David Barron does not have a hearing [d]isability, and after a brain scan test supporting Plaintiff's allegations, Defendants flat-out refused him hearing aids by stating they will not pay for them." (Doc. 46 at 6.)  Allegations regarding his other conditions are less specific, although Barron reports suffering "agonizing pain, solar sores and loss of skin."  *Id.*

Barron further alleges that instead of treating him, Defendants have taken away accommodations required under the ADA, including medical passes, special diets and pain medication.  *Id.*  He describes the approach taken by Drs. Weischedel and Ballard as

2

a "plan to torture the plaintiff," and claims that he has tried to alert DOC Commissioner Andrew Pallito of "the sadistic sexual invasion of my body." *Id.* at 4.

Count Two claims that Defendants Jodi Barriere and Kevin Jenkins have subjected Barron to "sexual abuse and emotional trauma." (Doc. 61 at 1.)  Barron also claims that Dr. Ballard and Theresa Stone have denied him medications and ADA accommodations. *Id.* at 2.  In Count Three, Barron alleges that Defendant Randy Porter harassed him, caused him to lose his prison employment, and had him moved to a restricted unit where his health was "in grave danger." *Id.* at 3.

Barron is seeking $75,000 in compensatory and punitive damages from each Defendant.  The Second Amended Complaint also requests an order requiring provision of a hearing aid; a cane; a fan; $1,500 in religious materials; protection from the sunlight; a single cell in a particular unit; extra mattresses and pillows; a PlayStation 3 with ten games; a laptop and printer; and medical care from outside the DOC system. *Id.* at 4.

<u>Discussion</u>

I.   **Barron's Motion for Final Judgment**

It appears from the docket that the parties have engaged in only minimal discovery.  Nonetheless, Barron moves the Court for "Final Judgment," claiming that his filings have "provided a factual prima facie case to support [his allegation that] PHS, Dr. Biron, and Dr. Weischedel were indifferent to the medical needs for the plaintiff."  (Doc. 73 at 9.)  He claims that his filings also demonstrate physical abuse by Jodi Barriere, psychological trauma at the hands of Kevin Jenkins, and "that Randy Porter [engaged in] vindictive and retaliatory actions, as well as verbal and discriminatory abuse on

3

Plaintiff." (*Id.* at 10.)  Barron's final claim is that he "has shown entitlement to funds for [r]eligious materials, services, education, and hygiene items."  (*Id.* at 11.)

Because Barron is moving for judgment in his favor without a trial, the Court construes his filing as a motion for summary judgment under Fed. R. Civ. P. 56. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under Local Rule 56(a), a motion for summary judgment must be accompanied by a "separate and concise statement of undisputed material facts.  Failure to submit a statement of undisputed facts constitutes grounds for denial of the motion." The statement of facts must also be supported by "particular parts of materials in the record."  Fed. R. Civ. P. 56(c); Local Rule 56(c).  The cited materials must be admissible in evidence, *Spiegel v. Schulmann*, 604 F.3d 72, 81 (2d Cir. 2010), and reference to an unverified complaint is insufficient.  *Yearwood v. LoPiccolo*, No. 95 Civ. 2544, 1998 WL 474073, at *5 (S.D.N.Y. Aug. 10, 1998).

Barron's motion for final judgment presents a series of unsworn, conclusory statements about his claims.  There is no statement of undisputed facts as required by Local Rule 56(a), and no citation to "depositions, documents, electronically stored information, affidavits, or declarations . . . admissions, interrogatories, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  Instead, Barron argues that his written filings, presumably including his unverified Second Amended Complaint, entitle him to

judgment as a matter of law.[1]  Without a proper record before the Court, summary judgment should not be granted at this time.

Even if the Court does consider Barron's unsworn statements of fact and related exhibits, those filings do not support summary judgment.  Indeed, the Court was presented with essentially the same record in Barron's previous motion for preliminary injunctive relief, and concluded that he had not shown a likelihood of success on the merits.  (Doc. 66 and 70.)   Specifically, the Court found that "Barron is receiving significant medical and mental health attention," citing record evidence regarding the treatment of his back, knee, and hearing issues, as well as his psychiatric care.  With respect to his Barron's back pain, the Court noted that his most recent examination was normal, and that he had been provided both medication and an extra mattress.  With regard to knee pain, Barron had been given a brace, a cane, and physical therapy exercises.  And as to his hearing, a battery of tests had been performed, and as of the time of his motion, he had not yet been medically cleared for a hearing aid.  (Doc. 66 at 10-11.)[2]  With regard to his psychiatric care, the Court found that "the medical records

---

[1]  Barron has submitted numerous medical and grievance records to the Court in previous filings, (*E.g.* Doc. 6-1.), and the Court does not rule out using those records at summary judgment.  *See Atkinson v. Fischer*, 2009 WL 3165544, at *3 n.1 (N.D.N.Y. Sept. 2, 2009) (court considered records that, though not technically admissible, were relied on by both plaintiff and defendants); *Sheils v. Flynn*, 2009 WL 2868215, at *2 n.2 (N.D.N.Y. Sept. 2, 2009) (same).  However, if Barron seeks to either obtain or defend against summary judgment, he must reference those parts of the record that support his position.  To hold otherwise would frustrate, among other things, the requirement that movants provide a properly-supported statement of material facts.  *Cf. Revlon Consumer Prod. Corp. v. Estee Lauder Cos., Inc.,* 2003 WL 21751833, at *42 n.55 (S.D.N.Y. July 30, 2003) (noting that the plaintiff cannot "expect the Court to comb the record to find evidence not highlighted in [Plaintiff's] motion papers - summary judgment is not a game of hide and seek.").

[2]  Barron now informs the Court that he is "getting a hearing aid for each ear." (Doc. 73 at 4.)

display continuous and consistent mental health treatment," including monitoring "by psychiatrists and other health care providers, two or three times per month over the last several months." (Doc. 66 at 12.)

At summary judgment, the Court must view these same facts in a light most favorable to the non-moving party. *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000). With respect to Barron's Eighth Amendment claim, the Court must find that based upon the undisputed facts, Barron has proven deliberate indifference to a serious medical or mental health need. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). He must show more than negligence, "but less than conduct undertaken for the very purpose of causing harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Disagreement over proper treatment or diagnosis does not create a constitutional claim as long as the treatment was adequate. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Defendants previously disputed Barron's claims of deliberate indifference, and submitted record evidence to support their position. (*E.g.* Doc. 63-1, Affidavit of Dr. Weischedel; Docs. 65-1, 65-2 and 65-3 (medical records)). Barron responds to these records in conclusory fashion, and urges the Court to grant judgment in his favor based upon his "prima facie" evidence. The Court should instead find that Barron's motion is not adequately supported, and to the extent that any summary judgment evidence is properly before the Court, that Defendants have properly countered Barron's assertions.

As to Barron's other claims, such as his allegations of abusive conduct by Defendants Porter, Barriere, and Jenkins, his motion is again conclusory. Barron contends that he "has shown prima facie evidence that Randy Porter showed vindictive

6

and retaliatory actions, as well as verbal and discriminatory abuse on Plaintiff." (Doc. 73 at 10.) He also claims that he was "physically assaulted by J. Berrier and then later psychologically traumatized by the actions of K. Jenkins." (*Id.*) Such claims, without more, do not warrant summary judgment in his favor.

Finally, with regard to Barron's claim that he is entitled to funds for the purchase of "religious materials, services, education, and hygiene items," (Doc. 73 at 11), Defendants submit that the claim lacks legal support. Barron cites the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc *et seq.* (RLUIPA), and, albeit briefly, the First Amendment. He claims to be the "only dedicated true Wiccan" in his current facility, and that unlike other, more established religious groups, he receives no funds "to enjoy my Religious Freedom." (Doc. 84 at 1-2.)

In construing the RLUIPA, the U.S. Supreme Court has held that "the Act's prescriptions" must be "administered neutrally among different faiths." *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005). The *Cutter* decision also noted that because the statute is "[d]irected at obstructions institutional arrangements place on religious observances," it "does not require a State to pay for an inmate's devotional accessories." *Id.* at 720 n.8. Consequently, Defendants properly argue that the DOC is not required to purchase religious items on Barron's behalf.

Barron also claims support from the First Amendment. (Doc. 73 at 9.) Courts considering similar claims have concluded that, as under the RLUIPA, the First Amendment does not require the State to furnish religious materials to prisoners. *See Allison v. Martin*, 2010 WL 363325, at *7 (E.D. Mich. Jan. 22, 2010); *Eley v. Herman*,

7

2006 WL 1722364, at *6 (N.D. Ind. June 21, 2006).  Accordingly, Barron is not entitled to summary judgment on this claim.

For the reasons set forth above, I recommend that Barron's motion for final judgment be DENIED.

## II.   Barron's Motion for Preliminary Injunctive Relief

Also pending is Barron's motion for preliminary injunctive relief.  The motion claims that Barron's request for an ADA accommodation is not being addressed.  The request at issue appears to be his desire for a cell in the Southern State Correctional Facility ("SSCF") "Charlie Unit," which he claims he is being denied even though he is disabled.  For preliminary relief, Barron asks the Court to subpoena "the head count of people who are physically disabled in Charlie Unit at SSCF," presumably to prove that "there [are] approximately 12 people in Charlie in perfect health."  (Doc. 73 at 3, 11.) The motion also states that Barron "has further given overwhelming evidence as to the neglected problems." (*Id.*)

The Court addressed this issue in its ruling on Barron's prior motion for preliminary injunctive relief:

> Barron has no constitutional right to placement in a particular facility or unit. *See Olim v. Wakinekona*, 461 U.S. 238, 248 (1983).  Furthermore, during a medical visit with Dr. Gary Weischedel on October 28, 2009, Barron requested a transfer to Charlie Unit and Dr. Weischedel determined that he did not "see any need for such from a medical standpoint."  (Doc. 65-1 at 16.)  Aside from the alleged statement by "Carmen," Barron has not offered any evidence to counter Dr. Weischedel's opinion.

(Doc. 66 at 12.)  In his current motion, Barron claims that "Dr. Lepman and Dr. Gerry Colewriter both stated I should be over Bravo or Charlie unit due to my mental

8

health and physical health . . . ." (Doc. 73 at 3.) He does not cite any record evidence, and offers no indication that Dr. Wieschedel's opinion has changed since 2009. Consequently, and to the extent that a placement in Charlie Unit would be a part of his medical care, he has displayed only a difference of opinion, and not a meritorious Eighth Amendment claim. *See Estelle*, 429 U.S. at 107. Because Barron has again failed to carry his burden of showing a likelihood of success on the merits or "sufficiently serious questions going to the merits to make them a fair ground for litigation," his motion for preliminary injunctive relief should be DENIED. *See Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

## III.    Barron's Motion for Emergency Injunction Barring Prison Transfer

Barron has also asked the Court for an "Emergency Injunction" barring the DOC from transferring him to a different prison facility until "such time that Plaintiff's Civil Action is resolved." (Doc. 74 at 2.) Barron cannot show a likelihood of success on this claim because he has no constitutional right to either remain in or be transferred to a particular facility. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Furthermore, he has failed to show that he will be irreparably harmed if transferred. While Barron claims that placement at SSCF is favorable for health reasons, the DOC has a duty to provide adequate care regardless of his place of incarceration. *See Balter v. United States*, 2010 WL 3975843, at *2 (M.D. Pa. Jan. 21 2010). Moreover, Barron has not offered any evidence that a transfer will inhibit his ability to litigate his case. *See Daher v. Kasper*, 2008 WL 1970230, at *2 (N.D. Ind. May 2, 2008). The motion for an emergency injunction should therefore be DENIED.

**IV.      Mental Health Management, Inc. and Dr. Ballard's Motion to Dismiss**

Defendants Mental Health Management, Inc. ("MHM") and Dr. Ballard have filed

a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Their first argument in favor of

dismissal is that they were never served with the Second Amended Complaint.  They also

contend that the facts of the Second Amended Complaint do not allege plausible claims

under 42 U.S.C. §§ 1983 and 1985.  Finally, they submit that Barron has failed to

demonstrate physical injury, and is thus barred from receiving compensatory damages

under 42 U.S.C. § 1997e(e).

**A.      Service of the Second Amended Complaint**

Pursuant to Fed. R. Civ. P. 5(a)(1), a pleading filed after the original complaint

must be served on every party.  If that party is represented by counsel, service shall be

made upon the attorney.  Fed. R. Civ. P. 5(b)(1).  MHM and Dr. Ballard report that their

attorney was never served with the Second Amended Complaint, and ask that the case be

dismissed on that basis.

For reasons set forth below, I am recommending that the claims against MHM and

Dr. Ballard be dismissed on other grounds, and that Barron be granted leave to file a

Third Amended Complaint.  Accordingly, the Court need not address the question of

whether the Second Amended Complaint was properly served, whether additional time

should be granted for proper service, or whether dismissal is appropriate.  Barron is

reminded, however, that all papers filed with the Court must be served upon counsel for

Defendants.

**B.      Failure to State a Claim**

MHM and Ballard also move to dismiss under Fed. R. Civ. P. 12(b)(6), arguing

that Barron has failed to state a viable claim against them.  In reviewing a motion to

dismiss filed pursuant to Rule 12(b)(6), the Court must accept the factual allegations set

forth in the Second Amended Complaint as true and draw all reasonable inferences in

favor of the Plaintiff.  *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir.

2006); *Nechlis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).  *Pro se*

complaints should be read with "special solicitude," and should be interpreted to raise the

"strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d

471, 474-75 (2d Cir. 2006).

"In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must

allege a plausible set of facts sufficient 'to raise a right of relief above the speculative

level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595

F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  Thus, Barron must allege "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct 1937,

1949 (2009) (quoting *Twombly*, 550 U.S. at 556).

The Second Amended Complaint does not contain any specific allegations against

MHM, aside from placing its name in the caption.  As to Dr. Ballard, a mental health care

provider, his name appears twice.  In the first instance, the claim is that Barron informed

prison officials that he "feared for his personal health and safety due to . . . . serious conflicts he was having with [Drs.] Ballard and Weischedel's plan to torture the plaintiff." (Doc. 46 at 4.)  Barron does not provide any details of this alleged "plan," or explain why he describes the treatment being considered by Dr. Ballard and Dr. Weischedel as "torture."

The second allegation concerning Dr. Ballard, set forth in Part II of the Second Amended Complaint, is that "Defendants Ballard and Stone violated plaintiff's rights under [the] ADA, T26 V.S.A., 8th amendment USC, and Equal Protection Rights. Defendants Ballard and Stone exercised gross deliberate indifference by intentionally denying medications and Americans with Disabilities Act [accommodations]." (Doc. 61 at 2.)  Barron does not provide any description of the medications that Dr. Ballard has allegedly withheld, or of the ADA accommodations that have allegedly been requested and denied.

MHM and Dr. Ballard first argue that these bare allegations do not satisfy the pleading requirements of Fed. R. Civ. P. 8.  Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Twombly*, 550 U.S. 544 at 555, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S. Ct. at 1949.  In other words, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 557).  Instead, a

plaintiff must provide the "grounds" of his "entitle[ment] to relief." *Twombly*, 550 U.S. at 555.

Barron's Second Amended Complaint does not meet the requirements of Rule 8 with regard to these Defendants. As noted above, there are no allegations involving MHM. The claims against Dr. Ballard are (1) that he planned to engage in torture, and (2) that he intentionally denied Barron medications and ADA accommodations. The former claim, alleging torture, presumably concerned a course of treatment with which Barron disagreed. Without more, however, simply characterizing that treatment as "torture" does not trigger a plausible right to relief, and is instead the type of "naked assertion" that the Supreme Court has expressly prohibited. *Iqbal*, 129 S. Ct. at 1949.

With respect to Barron's claim that Dr. Ballard intentionally denied him medications and ADA accommodations, there is again insufficient information to place Dr. Ballard on notice of a plausible offense. Assuming that the denial of medications is meant to imply an Eighth Amendment claim, Barron's burden on such a claim is to allege not only a serious health condition, but also that Dr. Ballard was "deliberately indifferent" to Barron's serious medical needs. *Estelle*, 429 U.S. at 104-05. Furthermore, as discussed above, a mere disagreement about treatment does not amount to an Eighth Amendment violation. *Id.* at 107; *see also Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) (prisoner's "disagreements over medications . . . [or] forms of treatment . . . are not adequate grounds for a section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment."); *Grant v.*

13

*Burroughs*, 96-CV-2753, 2000 WL 1277592, at *5 (S.D.N.Y. Sept. 8, 2000) (prisoner

denied pain medication does not have a constitutional right to treatment of his choice).

Assuming for the sake of argument that Dr. Ballard, a psychologist (Doc. 46 at 2), had

control over Barron's medications, the mere claim that those medications were withheld

does not constitute a plausible allegation of deliberate indifference.

As noted above, Barron's claim that Dr. Ballard denied him ADA

accommodations is non-specific.  Although Barron does allege ADA violations, Dr.

Ballard's connection to those violations, which pertain primarily to Barron's cell

placement, is unexplained.  The Second Amended Complaint is therefore deficient as to

this claim as well.

In addition to his § 1983, RLUIPA and ADA claims, Barron asserts a claim under

42 U.S.C. § 1985.  Section 1985 prohibits conspiracies to deprive individuals of civil

rights.  To state a claim, Barron must allege: (1) a conspiracy; (2) for the purpose of

depriving any person or class of persons of equal protection of the laws, or of equal

privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4)

and that a person is thereby either injured in his person or property or deprived of any

right of a citizen of the United States.  *United Bhd. of Carpenters Local 610 v. Scott*, 463

U.S. 825, 828-29 (1983); *Britt v. Garcia*, 457 F.3d 264, 269 n.4 (2d Cir. 2006).

Moreover, he must allege that the conspiracy was motivated by "some racial or perhaps

otherwise class-based, invidious discriminatory animus behind the conspirators' action."

*Scott*, 463 U.S. at 829.

14

There are no facts alleged against either MHM or Dr. Ballard to support a Section 1985 claim.  Specifically, there is no reference to, or support for, a conspiracy between these and any other Defendants.  The mere assertion of a conspiracy is insufficient.  *See Mass v. McClenahan*, 893 F. Supp. 225, 231 (S.D.N.Y. 1995) ("[A] plaintiff must do more than make vague, general or conclusory accusations in order to establish the existence of a conspiracy actionable under § 1985(3).").  Nor is there any allegation that Dr. Ballard or MHM acted with discriminatory animus.  Consequently, the Court should dismiss Barron's Section 1985 claims against Dr. Ballard and MHM.

The final argument set forth in the motion to dismiss is that Barron has failed to allege a physical injury.  Under 42 U.S.C. § 1997e(e), an inmate seeking compensatory damages must demonstrate physical, as opposed to mental or emotional, harm.  *See Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002).   Although Barron does allege several physical conditions that have allegedly worsened as a result of his medical care, he does not directly attribute those injuries to Dr. Ballard and MHM.  Consequently, his claims against them for compensatory damages should be DISMISSED.[3]

### C.     Leave to Amend

The Second Circuit has emphasized that a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations marks omitted).  In this case, Barron has already been

---

[3] Barron is also seeking punitive damages.  A punitive damages claim is not barred by 42 U.S.C. § 1997e(e).  *Thompson*, 284 F.3d at 418.

granted leave to amend his claims once, as his original Complaint did not comply with the Federal or Local Rules. (Doc. 32 at 9) (concluding that Complaint was "excessively long-winded and redundant," and "plainly fail[ed] to provide a short and plain statement of his claims as required by Rule 8."). The question now is whether further leave to amend is required.

As discussed previously, Barron's Second Amended Complaint does not set forth sufficient facts against MHM and Dr. Ballard. However, the Court is in the unique position of having seen a more detailed Complaint, in the form of Barron's original filing. (Doc. 6). The original Complaint asserted that MHM and Dr. Ballard allowed certain medications to expire, and that Barron suffered physical and mental breakdowns as a result. (*Id.* at 24, 26 and 28.) The original Complaint also suggested that Dr. Ballard played a role in unit transfer decisions, thus potentially connecting him to the alleged ADA violations. (Doc. 6-1 at 102). The Court offers no opinion at this time as to the legal sufficiency of these allegations, but must nonetheless acknowledge that with these additional facts, Barron may be able to meet the *Iqbal* plausibility standard. I therefore recommend that Barron be granted leave to file a Third Amended Complaint for the limited purpose of supplementing his claims against MHM and Dr. Barron.

As Barron is by now aware, an amended complaint supersedes any previously-filed complaint. *See Harris v. City of New York*, 186 F.3d 243, 249 (2d Cir. 1999). Therefore, the Third Amended Complaint, if filed, shall set forth all claims against all Defendants. It must also be served upon all parties as set forth above. If this Report and Recommendation is adopted by Judge Murtha, the Third Amended Complaint should be

filed within 30 days of his Order, and a failure to file within that time period should result in the dismissal of all claims against MHM and Dr. Ballard with prejudice.

## Conclusion

For the reasons set forth above, I recommend that Barron's motions for final judgment, for a preliminary injunction (Doc. 73), and for an emergency injunction (Doc. 74) be DENIED.  Barron's motion for an extension of time (Doc. 73) is DENIED as moot.  I further recommend that the Court GRANT the motion to dismiss filed by Defendants Dr. Ballard and Mental Health Management, Inc. (Doc. 75), and that Barron be granted leave to amend as set forth above.

Dated at Burlington, in the District of Vermont, this 27th day of April, 2011.


/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.  *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).